**Archie W. BYRD**
v.
**AMERICAN EXPORT ISBRANDTSEN LINES, INC.**
Civ. A. No. 68–1117.

United States District Court
E. D. Pennsylvania.
June 30, 1969.

**1208**

Fine, Staud, Silverman & Grossman, Franklin D. Rubin, Philadelphia, Pa., for plaintiff.

Costigan & McNulty, Robert W. Costigan, Philadelphia, Pa., for defendant.

## OPINION

KRAFT, District Judge.

This is a motion for summary judgment filed by the defendant shipowner in this action by a longshoreman. Defendant contends that the plaintiff's deposition conclusively establishes that the plaintiff's accident could have been occasioned only by either of two possible causes and that defendant was not responsible for either cause.

Plaintiff's deposition discloses that he and Otis Givens, another longshoreman, were engaged in an attempt to move, from the back to the front of the pier, a forklift truck, which was intended to be loaded aboard defendant's vessel as cargo. The attempt was undertaken by backing up another forklift truck, identified as No. 947, to the prospective cargo, so that the latter could be towed forward. As plaintiff bent down between the two trucks to attach a tow rope, No. 947 backed up, catching plaintiff between the two. Plaintiff does not know where Otis Givens was at the time plaintiff was injured, but says he last observed Givens getting off No. 947 before the accident. No ship's gear was attached to No. 947, which was owned by Atlantic & Gulf Stevedores, Inc.

Defendant asserts that even if No. 947 was backed into plaintiff by Givens or rolled into the plaintiff because of some defective condition, the defendant cannot be held liable, because the activity in which the plaintiff was then engaged on the pier was *not yet* the loading operation of the ship.

Defendant concedes, as it must, that it is immaterial whether the accident occurred on the pier away from the ship, *if the longshoreman was actually engaged in the service of the ship,* which includes the loading operation. Gutierrez v. Waterman Steamship Corporation, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963); Hagans v. Ellerman & Bucknall Steamship Co., 318 F.2d 563 (3 Cir. 1963).

We believe that defendant unduly delimits the term "loading" to the actual transfer of the cargo from the front of the pier to the vessel. The backing of No. 947 to the intended cargo and the endeavor to attach the tow rope between the vehicles were concomitant and essential steps in the loading operation.

As this Court has stated in a similar situation in which the defendant claimed that plaintiff was merely *preparing* the cargo for loading, when he was injured while placing "chocks" under a draft of steel beams prior to their being hoisted aboard the vessel:

"The term loading is not a word of art, and is not to be narrowly and hypertechnically interpreted. Plaintiffs' actions at the time of the accident were direct, necessary steps in the physical transfer of the steel from the railroad car into the vessel which constituted the work of loading." Litwinowicz v. Weyerhaeuser Steamship Co., 179 F.Supp. 812, 817–818 (E.D. Pa. 1959).[1]

Since we conclude that plaintiff was essentially engaged in a loading operation and was using equipment necessary for that purpose, which was at least temporarily adopted by the ship, the defendant's motion must be denied.

---

1. Cited and Quoted with approval in Spann v. Lauritzen, 344 F.2d 204, 207 (3 Cir. 1965) which also distinguishes Fredericks v. American Export Lines, 227 F.2d 450 (2 Cir. 1955) relied on by defendant.